## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## DOCKET NO. 3:08-CR-00187-FDW-DCK

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| vs. | ) |
| | ) |
| | )    ORDER |
| DENNIS STURDIVANT, | ) |
| | ) |
| Defendant. | ) |
| | ) |

THIS MATTER is before the Court on Defendant's Pro Se Motion to Reduce Sentence Pursuant to First Step Act of 2018, (Doc. No. 100). The Court has already denied Defendant's previous motion for a sentence reduction under § 404(b) of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5222. (Doc. No. 97). In that decision, the Court concluded Defendant was not eligible for relief under Section 404(b) of the First Step Act  See Section 404(c), First Step Act, PL 115-391, 132 Stat 5194 ("No court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372)."). Defendant did not appeal that decision, and the time for doing so has long expired.

Section 404(c) of the First Step Act provides:

No court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act [] or if a previous motion made under this section to reduce the sentence was, after the date of enactment, denied a complete review of the motion on the merits. Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.

1

First Step Act, Pub. L. No. 115-391, 132 Stat. at 5222 (2018).

Liberally construing Defendant's pleading that references "extraordinary and compelling reason[s] for a reduction," as also asserting a motion for "compassionate release," the Court finds that Defendant fails to show "extraordinary and compelling reasons" to support a reduction pursuant to 18 U.S.C. § 3582(c)(1)(a). Even if Defendant's asserted reasons qualified as extraordinary and compelling, after considering the factors set forth in § 3553(a) "to the extent they are applicable," a sentence reduction is not appropriate—particularly where Defendant is serving a term of imprisonment for a crime committed while on supervised release after serving a term of imprisonment for serious crimes.

IT IS THEREFORE ORDERED that Defendant's Motion to Reduce Sentence, (Doc. No. 100,) is DENIED.

IT IS SO ORDERED.

Signed: March 29, 2023

Frank D. Whitney
United States District Judge